# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:14-cr-00298-LRH-CWH |
| vs. ) | **REPORT & RECOMMENDATION** |
| MARTIN E. MCCLAIN, et al., ) | |
| Defendants. ) | |

This matter was referred to the undersigned Magistrate Judge on Defendant Martin E. McClain's Motion to Dismiss Indictment (ECF No. 58), filed May 27, 2016, the Government's Response (ECF No. 66), filed June 13, 2016, and Defendants' Reply (ECF No. 67) filed July 5, 2016. Defendant Scott Friedman filed his Joinder to the Motion to Dismiss (ECF No. 60) on May 31, 2016, and a Supplement to the Motion to Dismiss (ECF No. 61) on May 31, 2016. Defendant Randall Petas filed his Joinder to Motion to Dismiss and Friedman's Supplement (ECF No. 63) on June 1, 2016. Defendant Friedman filed a Joinder to McClain's Reply to the Government's Response (ECF No. 68) on July 5, 2016. The court held a hearing on July 25, 2016. (Mins. of Proceedings (ECF No. 70).) With the court's approval, the government filed a supplement in opposition to defendant's request for a bill of particulars (ECF No. 73) on August 1, 2016. Trial is scheduled to begin on October 4, 2016.

## BACKGROUND

On September 2, 2014, the grand jury for the District of Nevada charged Defendant Martin McClain in a two-count indictment. (Indictment (ECF No. 1).) The grand jury charged Defendant with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and one count of wire fraud in violation of 18 U.S.C. § 1343. *Id*. Specifically, in Count One of the indictment,

the grand jury charged that Defendant engaged in a conspiracy to commit wire fraud from in or about December 2007 to in or about July 2013.  *Id.*  In his motion, Defendant seeks dismissal of Count One of the indictment pursuant to Fed. R. Crim. P. 12(b)(3)(A) as being beyond the statute of limitations.  (Mot. to Dismiss (ECF No. 58).)

## ANALYSIS

### A.     STANDARD OF REVIEW

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact."  *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (*citing United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)).  An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.  *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991).  Generally, the court should not consider evidence appearing outside the four corners of the indictment and "must accept the facts alleged in that indictment as true."  *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (*citing Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)).  The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense."  *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (*citing United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).  The court's inquiry must end there.  Arguments directed at the merits of the claims must be left for trial.

The statute of limitations for wire fraud, 18 U.S.C. § 1343, is five years pursuant to 18 U.S.C. § 3282.  Wire-fraud is deemed legally completed when the benefit is received.  *See United States v. Lazarenko*, 564 F.3d 1026, 1037 (9th Cir. 2009).  The wire fraud statute criminalizes

each specific use of the wire, and "[e]ach offense is complete when the fraudulent matter is . . . transmitted by wire." *United States v. Niven*, 952 F.2d 289, 293 (9th Cir. 1991) (overruled on other grounds by *United States v. Ramsey*, 172 F.3d 877 (9th Cir. 1999)).

**B.     DISCUSSION**

    **1.     Statute of Limitations**

Count One of the indictment alleges that from December 2007 to in or about July, 2013, Defendants conspired to commit wire fraud. Defendant makes no argument that Count One on its face fails to sufficiently allege a conspiracy violation under 18 U.S.C. § 1349.

Defendants argue that because the statute of limitations for wire fraud is five years, and the indictment was filed on September 2, 2014, to be within the statute of limitations, the wire fraud in this case must have occurred on or after September 2, 2009. Although the indictment vaguely refers to events occurring until February 2010, it provides no specific information. Moreover, the language in Count One states that the conspiracy occurred until July 2013 without providing any information regarding incidents from September 2009 to July 2013. Discovery does not reveal any wire transactions later than September 2, 2009, and so the count should be dismissed. Defendant also argues that the government should not be able to use Count Two, which alleges wire fraud on September 2, 2009, to support its allegations in Count One because there is no evidence that the two incidents are connected.

The government responds that the conspiracy alleged in Count One continues until there is affirmative evidence of abandonment, withdrawal, disavowal or defeat of the object of the conspiracy, and it is alleged that the conspiracy continued until July 2013. The indictment alleges that the Defendant worked with others to fraudulently induce victim to part with funds between December 2007 to February 2010, well within the statute of limitations. At the hearing, the government further argued that Count Two alleges the negotiation and wire transmission of a $20,000 check on September 2, 2009 was for the purpose of executing the scheme and artifice to defraud which is related to Count One, and so, when the indictment is read as a whole, the Defendant is on notice of at least one act in furtherance of the conspiracy within the statute of limitations.

1    Defendant replies that at least one overt act in furtherance of the conspiracy must have
2 occurred during the period of time within the statute of limitations, but for wire fraud, the statute
3 begins to run when each wire fraud offense is complete.  Defendant argues that the evidence shows
4 that the victim ceased all contact with him in February 2009, which is outside the statute, and that
5 the absence of evidence justifies a dismissal based upon the statute of limitations.

6    Generally, a person violates the conspiracy statute by conspiring to commit a Title 18
7 offense. 18 U.S.C. § 1349.  A person violates the wire fraud statute, 18 U.S.C. § 3143, when
8 interstate wire transmissions are used to execute a scheme of fraud, or to obtain money or property
9 by fraud.  Conspiracy is a separate crime from the underlying felony. *See Pinkerton v. United*
10 *States*, 328 U.S. 640, 643 (U.S. 1946).  The parties agree that the statute of limitations is five years.
11 Count One alleges that from December 2007 to July 2013, Defendants "knowingly and willfully
12 conspired and agreed . . . to commit wire fraud, that is, to knowingly devise, with the intent to
13 defraud, a scheme and to obtain money and property from T.A. by means of materially false and
14 fraudulent pretenses, representations and promises, . . . and did cause to be transmitted by means of
15 wire communication interstate commerce any writings, signs, and signals for the purposes of
16 executing such scheme."  Because "conspiracy continues until there is affirmative evidence of
17 abandonment, withdrawal, disavowal or defeat of the object of the conspiracy," *see United States v.*
18 *Wilbur*, 674 F.3d 1160, 1176 (9th Cir. 2012) (quotation omitted), Count One does not violate the
19 statute of limitations.

20    Moreover, Count Two of the indictment alleges a wire fraud and it specifically relates to
21 Count One, incorporates paragraphs 1-10 of the indictment (the methods and means paragraphs),
22 and further indicates that the wire fraud was caused "for the purpose of executing the scheme and
23 artifice to defraud."  There is only one scheme in the indictment, and reading the counts together,
24 the court can easily conclude that they are related and provide additional information that the
25 conspiracy continued until September 2, 2009.  An indictment need not specify the evidence upon
26 which the government will rely to prove those facts. *United States v. Jenkins*, 884 F.2d 433,
27 438-39 (9th Cir.), *cert. denied*, 493 U.S. 1005 (1989).  Accepting the allegations as true, *see*
28 *Winslow*, 216 F.3d at 913, on its face, Count One therefore does not violate the statute of

limitations because it alleges conspiracy to commit wire fraud and was filed within five years.

### 2. Bill of Particulars

In reply, Defendant for the first time also moved for a bill of particulars outlining the overt acts that occurred on or after September 2, 2009, indicating that review of the voluminous discovery does not reveal facts the government intends to introduce to survive a statute of limitations challenge at trial. At the hearing, the government was granted the opportunity to respond to this new request. The government now argues that Defendant is not entitled to know all the evidence the government intends to introduce but only the theory of the government's case, and that a bill of particulars is unnecessary when the indictment itself provides details of the alleged offense.

Rule 7(f) of the Federal Rules of Criminal Procedure states:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"The bill of particulars has three functions: '[1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is itself too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1980) *cert. denied* 444 U.S. 979 (1979) (quotation omitted); *see also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (identifying the threefold purpose of a bill of particulars). "A defendant seeking particularization 'has the burden of showing by brief, affidavit, or otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." *United States v. Jones*, 2:12-cr-00400-APG-GWF, 2013 WL 5954489, at *4 (D. Nev. Nov. 6, 2013) (citing *United States v. Perry*, 2013 WL 3158078 (D. Mass. June 19, 2013)).

In *Giese*, the Ninth Circuit noted that the indictment apprised the defendant of the federal conspiracy offense with which he was charged and of the overt acts which allegedly contributed to

his participation in the conspiracy. *Giese*, 597 F.2d at 1180. It was specifically noted that requests for the "when, where, and how of every act in furtherance of [a] conspiracy" are improper discovery requests and beyond the purpose of a bill of particulars. *Id.* at 1181; *see also United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981) (stating that "[t]he defendant's constitutional right is to know the offense with which he is charged, not the details of how it will be proved.").

Here, it appears that the indictment sufficiently describes each defendant's conduct in the alleged conspiracy such that the defendant and his counsel may understand the nature of the charges against him and are able to prepare for trial and avoid or minimize the danger of surprise. Defendants do not argue an inability to understand the nature of the charges against them, or that the details of the transaction underlying the conspiracy charge have not been adequately disclosed in discovery. The law is clear that a bill of particulars is not a discovery device. What Defendants really seek is pretrial disclosure of the precise evidence the government intends to introduce at trial. As stated in *Giese*, "[a] defendant is not entitled to know all the [e]vidence the government intends to produce, but only the [t]heory of the government's case." 597 F.2d at 1181 (quotation omitted). There is no dispute that the government has made a significant disclosure of information regarding the transaction underlying the conspiracy charge. It appears to the undersigned that the government, combining sufficient details within the indictment with the discovery disclosures, has provided adequate information for Defendants to defend against the conspiracy charge. It is further noted that the government is under no obligation to identify every overt act committed in furtherance of a conspiracy. *Id*.

Ultimately, a bill of particulars is not intended to be used for discovery purposes. *United States v. Chan*, 2008 WL 5233585 (E.D. Cal. Dec. 12, 2008) (citing *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006)). Based on the record, the undersigned concludes that a bill of particulars is not necessary at this point to allow the defense to adequately prepare its case or to avoid prejudicial surprise.

## CONCLUSION

If the jury finds that Defendants conspired to violate 18 U.S.C. §1343 (wire fraud), then the five-year statute of limitations applies. Accepting the facts alleged in the indictment as true, and

reading the indictment as a whole, the court finds that Count One is sufficient.

Based on the foregoing and good cause appearing therefore,

**IT IS THEREFORE ORDERED** that Co-Defendants' motions for joinder to McClain's motions (ECF Nos. 60, 63 and 68) are **granted**.

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 58), including the request for bill of particulars, is **denied.**

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 3, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**